**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. |
| v. | : | 3:08-cr-4 (JCH) |
| | : | |
| KENNETH THAMES and | : | SEPTEMBER 23, 2008 |
| KEITH WHITE | : | |
| | : | |
| Defendants. | : | |

**ORDER REGARDING MOTIONS TO SUPPRESS BY**
**DEFENDANTS THAMES [Doc. No. 245 in part] AND WHITE [Doc. No. 203]**

On January 8, 2008, seventeen defendants were indicted under 21 U.S.C. §§ 841(a)(1) and 846 with Conspiracy to Distribute 50 Grams or More of Cocaine Base, and Possession of Cocaine Base With Intent to Distribute. Pending before the court are Motions to Suppress Evidence by defendants Thames and White.

**I.    MOTION TO SUPPRESS BY DEFENDANT THAMES [Doc. No. 245 in part]**

Defendant Thames has moved to suppress evidence of an out-of-court identification. Thames claims that the identification procedure was conducted in an unreasonably suggestive manner rendering the identification "unreliable and inadmissible." Thames has not specified the details of the identification to which he objects, nor has Thames offered an affidavit or other evidence in support of his claim that the identification procedure was faulty.

Thames has requested an evidentiary hearing. "[A]n evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested

issues of fact going to the validity of the search are in question." United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) (internal citations and quotation marks omitted). Thames has not, however, offered evidence establishing a factual dispute. See United States v. Guadalupe, 363 F. Supp. 2d 79, 81 (D.Conn.2004) (citing United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir.1969) ("A defendant seeking to suppress evidence bears the burden of demonstrating disputed issues of fact that would justify an evidentiary hearing."). While Thames's brief alleges a faulty identification procedure, allegations of a defense attorney are insufficient to meet this burden; rather, an affidavit of someone with personal knowledge of the underlying facts must be submitted. See United States v. Guadalupe, 363 F.Supp.2d 79, 81 (D. Conn. 2004) (citing United States v. Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967). Thames has not justified the need for an evidentiary hearing.

Therefore, Defendant Thames's motion to suppress [**Doc. No. 245 in part**] is DENIED for failure to create a record on which the court could grant suppression.

## II. MOTION TO SUPPRESS BY DEFENDANT WHITE [Doc. No. 203]

Defendant White has moved to suppress evidence of statements purportedly made to law enforcement officers on January 17, 2008. White claims that he was subjected to custodial interrogation without first being given the warnings required by Miranda v. Arizona, 384 U.S. 436, 479 (1966), and that suppression of his statements is therefore warranted. White has submitted as evidence a police report indicating that he made statements prior to being given Miranda warnings and without questioning. He argues that the totality of the circumstances suggests that he was subjected to unlawful

custodial interrogation.

The Fifth Amendment requires that a defendant be given Miranda warnings once arrested and prior to being subjected to "custodial interrogation." Miranda, 384 U.S. at 444. If law enforcement interrogates an in-custody subject without first providing a warning, statements may be suppressed as having been obtained in violation of Miranda. Interrogation occurs when law enforcement officers initiate express questioning of a defendant. See id. But interrogation also takes place when law enforcement subjects an individual to the "functional equivalent" of express questioning, including words or actions "that the police should know are reasonably likely to elicit an incriminating response from the subject." United States v. Rommy, 506 F.3d 108, 132 (2d Cir. 2007) (quoting Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980)). However, the admission of volunteered statements in the absence of warnings is not barred by the Fifth Amendment. Rommy, 506 F.3d at 132 (quoting Miranda, 384 U.S. at 478).

It is undisputed that White was "in custody" at the time he made the statement, as he had been arrested and then placed in a government vehicle in the custody of the Drug Enforcement Administration.

The report identifies several statements made by White prior to being given Miranda warnings ("initial statements"). The report identifies one statement made by White "when asked to explain" a prior statement he had made, and prior to being given Miranda warnings.

With regard to the initial statements, as White admits, the report does not clearly establish whether law enforcement elicited them. White has offered no other evidence besides the report, either an affidavit or otherwise, alleging that his initial alleged

statements were elicited by law enforcement. White's allegations that the initial statements were made in response to questioning are unsupported by any evidence in the record now before the court.

However, law enforcement's request that White explain his earlier statements, as evidenced on the face of the report, qualify as interrogation under the standard articulated in Innis. 446 U.S. at 301. Therefore, any statements obtained in response to the request that White "explain" his earlier statements were obtained in violation of Miranda and are inadmissible.

Therefore, Defendant White's motion to suppress [**Doc. No. 203**] is GRANTED IN PART with regard to statements elicited in response to the request that White explain his earlier statements, and DENIED IN PART with regard to his initial statements for failure to create a record on which the court could grant suppression.

## III. CONCLUSION

For the foregoing reasons, Defendant Thames's motion to suppress [**Doc. No. 245 in part**] is DENIED for failure to create a record on which the court could grant suppression.

Defendant White's motion to suppress [**Doc. No. 203**] is GRANTED IN PART with regard to statements elicited in response to the request that White explain his earlier statements, and DENIED IN PART with regard to his initial statements for failure to create a record on which the court could grant suppression.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 23rd day of September, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge